Dear Mrs. Kelly:
This opinion letter is in response to your question asking:
 Under the county official compensation law, in particular Laws 1987, Senate Bill 65, et al., as amended by Laws 1988, S.B. 431, is it appropriate to make an adjustment at the collector's annual settlement to be sure that his annualized compensation is equal to the greater of either his "scheduled" compensation or his prior fee based compensation?
Your opinion request indicates your question relates to your audits of third class counties.
The county collector is elected for a four year term beginning on March 1 of the year in which he takes office.See Sections 52.010 and 52.015, RSMo 1986. Prior to the enactment of Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 and 231, 84th General Assembly, First Regular Session (1987) (hereinafter referred to as "Senate Bill No. 65"), the county collector's compensation consisted of commissions and fees on the amounts collected plus any application training fund monies. See, for example, Sections 52.250, et seq., 52.245, 151.280, and 245.250, RSMo 1986. For the purpose of determining his annual compensation, the collector had a settlement year beginning on March 1 and ending the end of February of the succeeding year. See
Section 139.160, RSMo 1986.
In Senate Bill No. 65, the Missouri legislature repealed statutes compensating the county collector on the basis of commissions and fees and placed the county collector, effective January 1, 1988, on an annual salary to be computed on the basis of population and assessed valuation, as set forth in a statutory schedule (Section 52.269, Senate Bill No. 65). Generally, any commissions and fees collected by the collector after January 1, 1988, were to be paid into the county treasury. See Sections 52.250, et seq., 151.280 and 245.250, Senate Bill No. 65.
Although Senate Bill No. 65 contained a schedule for computing salary on the basis of population and assessed valuation, subsection 9 of section 7 of the bill specified that action by the county salary commission to determine the annual compensation within the statutory framework "shall not require or permit a reduction in the amount of compensation received by any person holding office as of the effective date of this section."
Under the statutory schedule set forth in Senate Bill No. 65, the collector's salary can be computed on a calendar year beginning January 1, 1988. In order to determine whether this represented a reduction in compensation, it was necessary to compare the statutory salary against the commissions and fees received by a collector under the old law for a like period. In order to insure no reduction in compensation, it was apparent that the comparison must be made to the collector's latest fiscal year, March 1, 1987 to February 29, 1988, even though the statute was silent on this point and such fiscal year for the collector did not expire until February 29, 1988, two months after Senate Bill No. 65 went into effect.
The legislature clarified its intention in Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 431, 84th General Assembly, Second Regular Session (1988) (hereinafter referred to as Senate Bill No. 431), effective May 13, 1988, which repealed Section 52.269, as enacted in Senate Bill No. 65, and re-enacted that section with modifications. Specifically, Section 52.269, RSMo Supp. 1988, as enacted in Senate Bill No. 431, provides in part:
 A county collector subject to the provisions of this section shall not, except upon two-thirds vote of all the members of the salary commission, receive an annual compensation less than the total compensation being received by the county collector in that county for services rendered or performed for the period beginning March 1, 1987, and ending February 29, 1988, unless such total compensation paid exceeds the maximum compensation allowable for the office of county collector in such county under the provisions of this section. If the total compensation paid a county collector for the year beginning March 1, 1987, and ending February 29, 1988, exceeds the maximum compensation allowable for the office of county collector in a particular county under the provisions of this section, the compensation of that county collector shall be subject to the following requirements:
 (1) For the year beginning March 1, 1991, the county collector shall not, except upon two-thirds vote of all the members of the salary commission, receive an annual compensation of less than the total compensation received for the period beginning March 1, 1987, and ending February 29, 1988;
 (2) For the year beginning March 1, 1992, . . .
As of January 1, 1988, the collector began to receive a monthly salary of one-twelfth of the salary allowed the collector based upon the schedule set forth in Section 52.269 as enacted by Senate Bill No. 65 or a higher figure based upon the commissions and fees for the fiscal year ending February 29, 1988. Since this higher figure would be based upon a fiscal year ending two months after the switch to a monthly salary on January 1, 1988, it would have to be based on an estimation of the amount of commissions and fees to be collected during January and February of 1988. Once the amount of the commissions and fees which the collector would have received for January and February were known, the exact amount payable under the old commissions and fees system for the fiscal year ending February 29, 1988, could be calculated and the annual salary payable under Section 52.269 re-adjusted accordingly. Commissions and fees collected by the collector after January 1, 1988, as discussed previously, are paid into the county treasury.
The county collector is not required to reimburse the county for the amount that his salary in January and February of 1988 plus any commissions and fees received from March 1, 1987, to December 31, 1987, exceeded the amount that he would have been paid had he received commissions and fees for those twelve months. The legislature did not require such an adjustment in Senate Bill No. 65 or in Senate Bill No. 431. The commissions and fees which would have been earned are relevant only for the purpose of determining the compensation payable to the county collector under the old law to insure that the collector does not suffer a reduction in compensation. As of January 1, 1988, payment by commissions and fees ceased. Section 52.269, RSMo Supp. 1988, requires the county to pay the county collector an annual salary in equal monthly installments. Absent specific language in the statutes to the contrary, it is the opinion of this office that the county collector is not required to reimburse the county for the amount that his salary in January and February of 1988 plus any commissions and fees received from March 1, 1987, to December 31, 1987, exceeded the amount that he would have been paid had he received commissions and fees for the twelve months ended February 29, 1988.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General